IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TITUS L. KENNEDY,

   Plaintiff,

v.           CIVIL ACTION NO.: CV513-014

JOHN T. LEE and
CRAIG COLLEY, Deputy,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently detained at the Ware County Jail in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendant Craig Colley ("Colley") and Defendant John Lee ("Lee") (together "Defendants') filed separate Motions to Dismiss. Plaintiff failed to file a Response, despite his notice of intent to file an objection to the Motions. (Doc. Nos. 28, 29). For the reasons which follow, Defendants' Motions should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was arrested based on hearsay and without probable cause. Plaintiff asserts that he was at a convenience store when an officer jumped out of his patrol car and assaulted him. Plaintiff asserts that he was not advised of his rights at that time and his person was searched. Plaintiff also asserts that he became afraid and ran from officers. Plaintiff contends that he was assaulted again after officers found him, and he was sprayed with mace.

Defendants contend that this cause of action should be stayed based on Younger v. Harris, 401 U.S. 37 (1971). Lee also contends that Plaintiff fails to state a

claim against him. In addition, Lee contends that he is entitled to qualified immunity and official immunity as to any putative state law claims.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that the types of relief Plaintiff seeks—the dropping of the charges against him and his release from jail—are the types of claims for relief that the Younger abstention doctrine bars. Defendants contend that there is a state judicial action pending against Plaintiff, that action implicates important state interests, and the action is capable of addressing the federal constitutional questions implicated.

There exists "a strong federal policy against federal[ ] court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). A federal court should also abstain from hearing a case "[w]here vital state interests are involved, . . . 'unless state law clearly bars the interposition of the constitutional claim.'" Id. at 432 (quoting Moore v. Sims, 442 U.S. 415, 426 (1979)). "The question of whether a federal court should abstain from interfering with a state judicial proceeding 'is threefold: first, do the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" Boyd v. Georgia, No. 12-14202, 2013 WL 950474, at *2 (11th Cir. Mar. 13, 2013) (quoting 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Plaintiff has been indicted on nine (9) counts of violations of Georgia law in the Superior Court of Ware County. (Doc. No. 25-2, pp. 1—5). These charges are: burglary; two (2) counts of theft by taking; armed robbery; possession of a firearm

2

during the commission of a crime; two (2) counts of obstruction; simple battery; and possession of a firearm by a convicted felon. (Id.).[1] There is nothing before the Court which reveals that Plaintiff's criminal prosecution has concluded. Thus, the first and second prongs of the Younger abstention doctrine have been met. In his Complaint, Plaintiff contends that he is being falsely imprisoned and that his charges are based on hearsay. Plaintiff seeks to have the charges against him dismissed. (Doc. No. 1, p. 6). During his criminal proceedings, Plaintiff is permitted to assert that his arrest and imprisonment violate the Constitution. Accordingly, the third prong of the abstention doctrine has been met. This Court should abstain from entertaining the relative merits of Plaintiff's cause of action at this time.

It is unnecessary to address the remaining portions of Lee's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motions to Dismiss be **GRANTED**. Plaintiff's Complaint should be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned cited to an attachment to Lee's Motion for the limited purpose of verifying that Plaintiff has been charged with violations of state law. This citation in no way converts Defendants' Motions to Dismiss into motions for summary judgment. See FED. R. CIV. P. 12(d). Regardless of the characterization of Defendants' Motions, it is clear that the Court should abstain from considering the allegations contained in Plaintiff's Complaint.

3

AO 72A
(Rev. 8/82)